**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

PHOTOMEDEX, INC., RADIANCY, INC.,
and PHOTOMEDEX TECHNOLOGY, INC.,

               Plaintiffs,

       v.

DS HEALTHCARE GROUP, INC.,

               Defendant.

_____

:
:
:
:
:
:      Civil Action No. 1:16-cv-03981-PGG
:
:
:
:
:
:
:

**PLAINTIFFS' ANSWER WITH**
**AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

      Plaintiffs PhotoMedex, Inc., Radiancy, Inc., and Photomedex Technology, Inc.

(collectively, "Plaintiffs") hereby answer Defendant DS Healthcare Group, Inc.'s ("DSKX")

Counterclaims and assert their affirmative defenses as follows:

      The averments in DSKX's Introduction are not set forth in separately numbered

paragraphs and therefore no response is required.  To the extent a response is required, those

averments are denied.

    1.  Admitted, upon information and belief.

    2.  Admitted.

    3.  Admitted.

    4.  Admitted.

    5.  Denied.  This paragraph contains legal conclusions to which no response is

required.

    6.  Denied.  This paragraph contains legal conclusions to which no response is

required.

7.  Denied.  This paragraph contains legal conclusions to which no response is required.

8.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize written agreements, which are self-evident.

9.  Admitted.

10.  Admitted.

11.  Admitted.

12.  Admitted.

13.  The averments in this paragraph are conclusory statements to which no response is required.

14.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize written agreements, which are self-evident.

15.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written agreement, which is self-evident.

16.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written agreement, which is self-evident.

17.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written agreement, which is self-evident.

18.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written agreement, which is self-evident.

19.  Denied.

20.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

21.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

22.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

23.  Admitted.

24.  Admitted.

25.  Denied.

26.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

27.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

28.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

29.  Denied.  By way of further answer, the document attached as Exhibit D does not include exhibits.

30.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

31.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written agreement, which is self-evident.

32.  Denied.  This paragraph contains legal conclusions to which no response is required.

33.  Denied.

34.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize written documents, which are self-evident.

35.  Denied as stated.  By way of further answer, by Order dated August 8, 2016, the Court granted a motion to transfer venue.

36.  Denied. This paragraph contains legal conclusions to which no response is required.

37.  Denied.

38.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize written documents, which are self-evident.

39.  Admitted.

40.  Denied.

41.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

42.  Denied.  This paragraph contains legal conclusions to which no response is required.

43.  Denied.

44.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize written documents, which are self-evident.

45.  Denied as stated.  By way of further answer, by Order dated August 8, 2016, the Court granted a motion to transfer venue.

46.  Denied.  This paragraph contains legal conclusions to which no response is required.

47.  Denied.

48.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize written documents, which are self-evident.

49.  Admitted.

50.  Denied.

51.  Denied.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident.

52.  Admitted in part, denied in part.  Plaintiffs deny the averments in this paragraph to the extent they purport to characterize a written document, which is self-evident, and further deny they breached the terms of the Merger Agreements.  Plaintiffs admit only that a true and accurate copy of DSKX's May 25, 2016 letter is attached to DSKX's Answer as Exhibit E.

53.  Denied.

54.  Denied.

55.  Denied.

56.  Denied.

### COUNT I – BREACH OF CONTRACT
*(Against PHMD and Radiancy)*

57.  Plaintiffs incorporate by reference their responses to Paragraphs 1 through 56 above, and the averments in their Complaint, as if set forth in full herein.

58.  Denied.  This paragraph contains legal conclusions to which no response is required.

59.  Denied.  Further, this paragraph contains legal conclusions to which no response is required.

60.  Denied.  Further, this paragraph contains legal conclusions to which no response is required.

61.  Denied.  Further, this paragraph contains legal conclusions to which no response is required.

WHEREFORE, Plaintiffs PhotoMedex, Inc., Radiancy, Inc., and Photomedex Technology, Inc. pray for judgment in their favor and against DSKX and that the Court dismiss DSKX's Counterclaims against Plaintiffs and grant such other relief as the Court deems proper and just.

## <u>COUNT II – BREACH OF CONTRACT</u>
*(Against PHMD and Radiancy)*

62.  Plaintiffs incorporate by reference their responses to Paragraphs 1 through 61 above, and the averments in their Complaint, as if set forth in full herein

63.  Denied.  This paragraph contains legal conclusions to which no response is required.

64.  Denied.  Further, this paragraph contains legal conclusions to which no response is required.

65.  Denied.  Further, this paragraph contains legal conclusions to which no response is required.

66.  Denied.  Further, this paragraph contains legal conclusions to which no response is required.

WHEREFORE, Plaintiffs PhotoMedex, Inc., Radiancy, Inc., and Photomedex Technology, Inc. pray for judgment in their favor and against DSKX and that the Court dismiss DSKX's Counterclaims against Plaintiffs and grant such other relief as the Court deems proper and just.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

The Counterclaims fail to state a claim against Plaintiffs upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because DSKX materially breached the Merger Agreements.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because DSKX cannot establish it performed its obligations under the Merger Agreements.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because DSKX failed to satisfy conditions precedent under the Merger Agreements.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because Plaintiffs terminated the Merger Agreements and Plaintiffs are entitled to damages, as set forth in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because the facts underlying what DSKX erroneously characterizes as alleged "breaches" of the Merger Agreements in its Counterclaims were fully disclosed to DSKX.

### SEVENTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because of DSKX's fraud.

### EIGHTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because of DSKX's own conduct, actions, omissions, delay, or failure to act.

### NINTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because of DSKX's assumption of the risk.

### TENTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because DSKX's claimed damages, if any, were caused in whole or in part by the conduct, actions, omissions, delay, or failure to act of third parties not under the control of Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

The Counterclaims fail in whole or in part because of estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have insufficient knowledge or information on which to form a belief as to whether they have additional affirmative defenses available.  Plaintiffs reserve the right to raise such additional defenses as may become apparent during discovery in this case or otherwise.

WHEREFORE, Plaintiffs PhotoMedex, Inc., Radiancy, Inc., and Photomedex Technology, Inc. pray for judgment in their favor and against DSKX and that the Court dismiss DSKX's Counterclaims against Plaintiffs and grant such other relief as the Court deems proper and just.

**STEVENS & LEE, P.C.**

Dated:   New York, New York
August 22, 2016

By: */s/ Bradley L. Mitchell*
Bradley L. Mitchell
485 Madison Avenue, 20th Floor
New York, New York 10022
(212) 319-8500
blm@stevenslee.com

Joseph E. Wolfson
620 Freedom Business Center, Suite 200
King of Prussia, Pennsylvania 19406
(610) 205-6019
jwo@stevenslee.com

*Attorneys for Plaintiffs PhotoMedex, Inc.,*
*Radiancy, Inc., and Photomedex Technology, Inc.*

## CERTIFICATE OF SERVICE

I, Bradley L. Mitchell, hereby certify that, on this date, I caused true and correct copies of the foregoing Answer to Defendant's Counterclaims to be served on counsel of record for Defendant by the Court's CM/ECF system as follows:

> Daniel C. Mazanec
> Wendy Michael
> Erik Berglund
> Greenspoon Marder, P.A. P.C.
> 1270 Avenue of the Americas, 16th Floor
> New York, NY  10020
> daniel.mazanec@gmlaw.com
> wendy.michael@gmlaw.com
> Erik.berglund@gmlaw.com

Dated:  August 22, 2016                         */s/ Bradley L. Mitchell*
                                                 Bradley L. Mitchell